UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



**10/14/2022**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DOLLY CHEN-KY** | § | Case No. 20-42002 |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |

| | | |
|---|---|---|
| DENNIS TSAI, VALUEMIX, LTD., & | § | |
| TWINKLE LEATHERWARE | § | |
| HOLDINGS (BVI) CO., LTD. | § | |
| | § | Adversary No. 20-04107 |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| DOLLY CHEN-KY | § | |
| | § | |
| Defendant | § | |

## <u>MEMORANDUM OF DECISION</u>

On this date the Court considered "Plaintiffs' Motion for Summary
Judgement" (the "Motion") filed by Plaintiffs, Dennis Tsai, Valuemix, Ltd.,
and Twinkle Leatherware Holdings (BVI) Co., Ltd., (the "Plaintiffs") on
September 30, 2021, and the respective objections, replies, and other related
filings.  Plaintiffs seek exception of alleged debts of Dolly Chen-Ky (the
"Defendant") for actual fraud under 11 U.S.C. § 523(a)(2)(A).  Plaintiffs also
ask the Court to impose a constructive trust on Debtor's homestead and to
disallow her homestead exemption.  After consideration of the pleadings,

proper summary judgment evidence, and the relevant legal authorities, the Court concludes that genuine issues of material fact remain.  For the reasons explained in this memorandum, Plaintiffs' Motion is DENIED.

## I.  Jurisdiction

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157.  The Court has the authority to enter a final judgment in this adversary proceeding because it constitutes a statutorily core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (I), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II.  Facts and Procedure

Dennis Tsai is an individual residing in Allen, Texas.[1]  Valuemix Ltd. is a corporation organized under the laws of the British Virgin Islands.[2] Twinkle Leatherware Holding Co., Ltd. is a legal entity organized under the laws of the British Virgin Islands.[3]  Dolly Chen Ky is a resident of Plano, Texas.[4]  Joshua Ky is the former spouse of Defendant but is not a party to this adversary proceeding.[5]

Joshua Ky controlled a limited liability company named Dragon International Escrow, LLC ("Dragon").[6]  Sometime during 2009, Plaintiffs

---

[1] Pl. Compl., ECF No. 1 at 2.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.*

2

began discussions with Joshua Ky about the possibility of using Dragon as an

intermediary to make real estate purchases on Plaintiffs' behalf in Vietnam.[7]

According to Plaintiffs, using an intermediary for these purchases was

necessary because only Vietnamese citizens are allowed to own real property

in Vietnam.[8] Joshua Ky is a native and citizen of Vietnam and represented

to Plaintiffs that he was the cousin and a trusted confidant of the Prime

Minister of Vietnam.[9] Joshua Ky also represented to Plaintiffs that he could

use these connections to purchase land in Vietnam to be later sold for profit.[10]

Plaintiffs each paid money to Dragon, and Joshua Ky interacted with

Plaintiffs on Dragon's behalf.[11] Dennis Tsai paid Dragon $765,650.00 in

September of 2009.[12] Twinkle paid Dragon a total of $3,123,385.00 to Dragon

in three separate transfers made in October 2010, December 2010, and

September 2011.[13] ValueMix paid Dragon a total of $1,100,000.00 in two

transfers made in January 2012 and March 2012.[14] Together, Plaintiffs

ultimately paid Dragon, with Joshua Ky acting on behalf of Dragon, the total

sum of $4,989,035.00 comprised of $765,650.00 from Tsai, $3,123,385.00 from

---

[7] Def. Resp., ECF No. 14 at 3-4.
[8] Brief in Support of Pl. Mot. Summ. J., ECF No. 12 at 4.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3
[12] *Id.* at 4.
[13] *Id.*
[14] *Id.*

Twinkle, and $1,100,000.00 from ValueMix (together the "Funds").[15]

Defendant claims to have taken no part in the discussions between Plaintiffs

and Joshua Ky concerning real estate purchases in Vietnam, though she was

likely present at she and Joshua Ky's home when at least some of these

discussions took place.[16]  Defendant previously worked as a bookkeeper for

one or more of Joshua Ky's businesses, but she claims never to have done any

work for Dragon. [17]

Plaintiffs allege that some of the Funds intended for purchasing real

estate in Vietnam were instead used by Defendant and Joshua Ky to

purchase a lot in 2011 and to construct a home on that lot in 2012.  This lot is

located at 828 Mulhouse Ct. Plano, Texas 75024, and was purchased for

approximately $395,000.00.[18]  Defendant and Joshua Ky contracted on May

23, 2012, with Bentley Premier Builders, LLC to construct a new home on the

lot for the sum of $818,000.00.  The final cost to construct a new home on the

lot exceeded $850,000.000.[19]  The total cost to Joshua Ky and Defendant for

the finished home at 828 Mulhouse Ct. Plano, Texas 75024 was not less than

$1,245,000.00.[20]

---

[15] *Id.*
[16] *Id.*
[17] Def. Resp., ECF No. 14 at 3-4.
[18] Brief in Support of Pl. Mot. Summ. J., ECF No. 12 at 6.
[19] *Id.*
[20] *Id.* at 7.

Neither Joshua Ky nor Dragon purchased any real estate in Vietnam on Plaintiffs' behalf, and none of the Funds paid by Plaintiff were ever returned to them.[21]  Plaintiffs have made repeated attempts to recover the Funds from Dragon and/or Joshua Ky.

After these attempts were unsuccessful, on August 11, 2015, Plaintiffs sued Joshua Ky and Dragon to recover the Funds in Case 401-03197-2015, styled *Dennis Tsai, Valuemix, Ltd., and Leatherware Holding Co., Ltd., vs. Joshua Ky and Dragon International Escrow*, in the 401st District Court of Collin County, Texas (the "Original State Court Case").[22]  Defendant was not initially sued in the Original State Court Case, but was later added as a defendant by Plaintiffs on October 3, 2017.[23]  A final judgement was entered against only Joshua Ky and Dragon on October 24, 2017.[24]  The final judgment against Joshua Ky and Dragon was for $6,598,048.50.[25]  This final judgement stated that it would only become final after Plaintiffs' claims against Defendant were severed.[26]  This final judgement against Joshua Ky

---

[21] *Id.* at 4.
[22] *Id.*; *see also* Def. Reply, ECF No. 14, Exhibit 21.
[23] *Id.* at 9; *see also* Def. Reply, ECF No. 14, Exhibit 21.
[24] *Id.*
[25] Brief in Support of Pl. Mot. Summ. J., ECF No. 12 at 4.
[26] Def. Reply, ECF No. 14 at 9.

and Dragon has not been paid.[27]  Joshua also left the country and has not returned.[28]

After the Original State Court Case was filed, but before Defendant was added as a defendant in that case, Defendant sold the Mulhouse Court property on January 5, 2017 for a gross price of $1,7000,000.00.[29]  The disposition of these sales proceeds, and Defendant's intent in that regard, is key to the allegations in this case.  It appears that Defendant used $493,091.36 of these proceeds to purchase a new home located at 5800 Kingsbrook Dr., Plano, Texas 75093 (the "Kingsbrook Home").[30]  It is this Kingsbrook Home over which Plaintiffs seek a constructive trust, and which they contend is non-exempt under Texas homestead law despite Defendant's claim of exemption.[31]

Defendant is alleged to have distributed the remaining proceeds from the Mulhouse Court property sale to various persons including Defendant's family members and Joshua Ky.[32]  Plaintiffs allege that these transfers were accomplished in two groupings on different days.  The first grouping allegedly

---

[27] Brief in Support of Pl. Mot. Summ. J., ECF No. 12 at 5
[28] *Id.*
[29] *Id.*
[30] *Id.* at 8.
[31] *Id.*
[32] *Id.* at 8-9.

occurred on December 13, 2016, *before* the Mulhouse Court property sale

closed on January 5, 2017, as follows:

> a. $272,000 to Defendant's mother.[33]
> b. $230,000 to Joshua Ky.[34]
> c. $14,000 to Defendant's brother.[35]
> d. $30,000 to Defendant's Aunt.[36]
> e. $10,000 to Defendant's sister, Judy.[37]

Transfers of sales proceeds occurring prior to closing was apparently possible

because the purchaser of the Mulhouse Court property made a down payment

to Defendant of $867,000.00 on December 13, 2016.[38]  The second grouping

allegedly occurred on January 5, 2017, *the same day* that the Mulhouse Court

property sale closed, as follows:

> a. $14,000 to Defendant's brother.[39]
> b. $40,000 to Joshua.[40]
> c. $200,000 to Defendant's mother.[41]
> d. $10,000 to Joshua.[42]
> e. $7,000 to Joshua.[43]
> f. $5,000 to Joshua.[44]

---

[33] Def. Resp., ECF No. 14 at 8.
[34] *Id.*  Defendant alleges these funds were deposited into a joint account and that most "was used to pay back credit card debt."
[35] This alleged transfer is not referenced in Def. Resp., ECF No. 14, and so the Court assumes it is disputed.
[36] Def. Resp., ECF No. 14 at 8.
[37] Pl. Mot. Summ. J. ECF No. 12 at 9.
[38] Def. Resp., ECF No. 14 at 8.
[39] This alleged transfer is not referenced in Def. Resp., ECF No. 14, and so the Court assumes it is disputed.
[40] *Id.*
[41] Def. Resp., ECF No. 14 at 8.
[42] This alleged transfer is not referenced in Def. Resp., ECF No. 14, and so the Court assumes it is disputed.
[43] *Id.*
[44] *Id.*

7

      g.  $150,000 to Defendant.[45]
      h.  $3,000 to Joshua.[46]
      i.  $80,860.63 to Defendant.[47]

Plaintiffs assert Defendant received and distributed the sales proceeds individually to frustrate their ability to collect from Joshua Ky, and that this was done intentionally by Defendant.[48]

Defendant disputes these allegations, claiming no knowledge of Joshua Ky's fraudulent business dealings with Plaintiffs, and further states that any payments to him were business expense reimbursements.[49]  She also claims to have had no specific knowledge of the origin of the money used to purchase and build the Mulhouse Court property.  Defendant says she believed that Joshua Ky inherited this money from his recently deceased mother.[50] Defendant claims she did not learn of the existence of a dispute between Joshua Ky and Plaintiffs until 2014 after Dennis Tsai's wife approached her about the dispute.[51]

Defendant and Joshua Ky were divorced on April 4, 2017, though the record is silent as to when these proceedings began.[52]  It is unclear how much

---

[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] Brief in Support of Pl. Mot. Summ. J. ECF No. 12 at 9.
[49] Def. Resp. ECF No. 14 at 8-9.
[50] *Id.* at 5.
[51] *Id.* at 8-9.
[52] *Id.* at 8.

communication occurred between Defendant and Joshua Ky during their divorce proceedings regarding the disposition of assets such as the Mulhouse Court property.

According to Plaintiffs' complaint, on January 8, 2018, Defendant was severed from the Original State Court Case into Case No. 401-00376-2018 styled *Dennis Tsai, Twinkle Leatherware Holding Co., Ltd. and ValueMix, Ltd. v. Dolly Chen-Ky*, pending in the 401st District Court, Collin County, Texas (the "Severed State Court Case").[53] The jury returned a verdict for Plaintiffs and a judgment was entered March 23, 2020 against Defendant.[54] However, the jury returned contradictory answers regarding Defendant's conduct stating that she had both acted in good faith and that she was part of a conspiracy to defraud Plaintiffs.[55] For this reason on June 10, 2020, the presiding judge in the Severed State Court Case ordered a new trial *sue sponte*.[56] Before the new trial could take place, Defendant filed her bankruptcy petition on September 23, 2020.[57]

---

[53] The Court did not find any direct summary judgment evidence in the record regarding this severance, though Defendant's Exhibit 21 reflects that Defendant was indeed severed from the State Court Case on January 8, 2018.

[54] Def. Resp., ECF No. 14 at exhibit 22.

[55] *Id.*

[56] *Id.*

[57] Bankr. Pet., ECF No. 1 (Main Case, Case No. 20-42002).

Plaintiffs filed an adversary complaint against Defendant on December 22, 2020.[58] Defendant answered the complaint on January 25, 2021.[59] Plaintiffs filed their summary judgement Motion on September 30, 2021.[60] Defendant timely responded. [61]

### III.  Summary Judgement Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. How the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). "A fact is material only if its

---

[58] Pl. Compl., ECF No. 1.
[59] Def. Ans., ECF No. 5.
[60] Brief in Support of Pl. Mot. Summ. J., ECF No. 12.
[61] Def. Resp., ECF No. 14.

resolution would affect the outcome of the action . . ." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV. Discussion

Plaintiffs argue that Defendant's alleged debts are nondischargeable under 11 U.S.C. § 523(a)(2)(A) because she defrauded Plaintiffs by diverting their Funds to purchase the Mulhouse Court property. Plaintiffs allege that Defendant then fraudulently transferred proceeds from the sale of that property, using some of the Funds to purchase her current home on Kingsbrook Dr. in Plano. 11 U.S.C. § 523 (a)(2)(A) excepts from discharge debts obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Defendant responds that the bad acts complained of by Plaintiffs were committed by Joshua Ky, not her. Plaintiffs' Motion seeks summary judgment under the actual fraud component of § 523(a)(2)(A) against Defendant, not for false pretenses or false representations.

The Fifth Circuit has stated that actual fraud may be proven by showing that: (1) the debtor made a representation; (2) the debtor knew that the

11

representation was false at the time it was made; (3) the debtor made the

representation with the intent and purpose to deceive the creditor; (4) the

creditor relied on the representation; and (5) the creditor sustained a loss as the

proximate result of its reliance on the representation.  *Selenberg v. Bates (Matter*

*of Selenberg)*, 856 F.3d 393, 398 (5th Cir. 2017).  Despite these elements of

actual fraud, the Supreme Court has ruled that "[t]he term 'actual fraud' in §

523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes,

that can be effected without a false representation."  *Husky Intern. Electronics,*

*Inc. v. Ritz*, 578 U.S. 356, 359 (2016).  Though it declined to adopt a definition of

actual fraud for all times and circumstances, the Supreme Court did state that

"'Actual fraud' has two parts: actual and fraud."  *Id.* at 360.  Under these

concepts, Plaintiffs have failed to make a sufficient showing to entitle them to

summary judgment.

## A. Intent is as an element of actual fraud under § 523(a)(2)(A)

First, the Court addresses Plaintiffs' claim that wrongful intent is not a

necessary element of actual fraud under 523(a)(2)(A).[62]  Plaintiffs argue that

the test for the existence of actual fraud is not whether Defendant had the

intent to hinder or conceal a fraud, but only whether Defendant "concealed

---

[62] Pl. Reply, ECF No. 15 at 3.

the funds or hindered Plaintiffs' ability to collect from Joshua."[63] They are incorrect.

For fraud to be actual, Plaintiffs must make a showing of wrongful intent on the part of the Defendant. *Id.* Specifically, the Supreme Court described this idea as follows:

> The word "actual" has a simple meaning in the context of common-law fraud: It denotes any fraud that "involv[es] moral turpitude or intentional wrong." *Neal v. Clark*, 95 U.S. 704, 709, 24 L.Ed. 586 (1878). "Actual" fraud stands in contrast to "implied" fraud or fraud "in law," which describe acts of deception that "may exist without the imputation of bad faith or immorality." *Ibid.* Thus, anything that counts as "fraud" and is done with wrongful intent is "actual fraud."

*Id.* This intent can be inferred from circumstantial evidence. *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287–88 (8th Cir. 1987) (abrogated on other grounds). Reckless indifference to the truth can in some situations constitute a sufficient showing of wrongful intent. *In re Miller*, 39 F.3d 301, 305 (11th Cir.1994); *Norris v. First Nat'l Bank in Luling (In re Norris)*, 70 F.3d 27, 30 fn. 12 (5th Cir. 1995) (finding that reckless disregard for the truth combined with the sheer magnitude of the resultant misrepresentation may combine to create an inference of intent to deceive under § 523(a)(2)(B)); *see also Farmers & Merchants State Bank v. Perry (In re Perry)*, 448 B.R. 219, 226 (Bankr. N.D. Ohio

---

[63] *Id.*

2011) ("'[W]illful blindness' does not provide a defense to an action brought under § 523(a)(2)(A) and may instead be used as a factor indicative of fraud.").

Plaintiffs' mistake lies in their understanding of the Supreme Court's statement that "fraudulent conduct is not in dishonestly inducing a creditor to extend a debt. It is in the acts of concealment and hindrance." *Husky*, 578 U.S. at 361-62. When the Supreme Court made this statement, it was doing so in reference to whether a misrepresentation by a defendant is needed for a fraudulent conveyance to exist. It was not discussing the element of intent for purposes of showing actual fraud under 523(a)(2)(A), as a review of this part of *Husky* in its entirety makes clear.[64] Furthermore, the 5th Circuit recently acknowledged that wrongful intent is in fact an element of actual fraud. *Matter of Lawrence*, No. 21-10103, 2022 WL 118966, at *3 (5th Cir. Jan. 12, 2022). Consequently, the Court rejects Plaintiffs interpretation of the law and finds that wrongful intent is a necessary element of actual fraud.

---

[64] "Equally important, the common law also indicates that fraudulent conveyances, although a 'fraud,' do not require a misrepresentation from a debtor to a creditor. As a basic point, fraudulent conveyances are not an inducement-based fraud. Fraudulent conveyances typically involve 'a transfer to a close relative, a secret transfer, a transfer of title without transfer of possession, or grossly inadequate consideration. In such cases, *the fraudulent conduct is not in dishonestly inducing a creditor to extend a debt. It is in the acts of concealment and hindrance.* In the fraudulent-conveyance context, therefore, the opportunities for a false representation from the debtor to the creditor are limited. The debtor may have the opportunity to put forward a false representation if the creditor inquires into the whereabouts of the debtor's assets, but that could hardly be considered a defining feature of this kind of fraud." *Husky*, 578 at 361-62 (internal citations omitted).

14

Merely hindering Plaintiffs' ability to collect from Joshua or concealing the funds without the requisite wrongful intent does not constitute actual fraud.

## B. May Defendant argue she received the Funds in good faith?

Plaintiffs assert that Defendant should not be allowed to argue she acted in good faith.  Plaintiffs' base this argument on the idea that good faith is an affirmative defense under TEX. BUS. COM. CODE § 24.009(a), and that Defendant has waived this affirmative defense for failure to raise it in a timely manner.[65]  However, the elements of actual fraud include intent as explained above.  Defendant's good faith, or lack thereof, is relevant to this question of intent.  Consequently, the Court will consider Defendant's arguments that she did not possess the requisite intent to have committed actual fraud and that she instead acted in good faith.

## C. Plaintiffs' Use of a Texas Law Standard

Inartful pleading has led to some apparent confusion about what causes of action are before the Court.  Plaintiffs' Motion does not expressly address the elements of § 523(a)(2)(A), but rather argues that the elements of § 523(a)(2)(A) are met as to Defendant because Defendant's receipt of proceeds from sale of the Mulhouse Court property was fraudulent under the Texas Uniform Fraudulent Transfer Act ("TUFTA").  TEX. BUS. & COM. CODE

---

[65] Pl. Reply, ECF No. 15 at 4.

§ 24.005, et. seq.  Plaintiffs' judgment against Joshua Ky obtained in the

Original State Court Action states that it was granted for common law and

statutory fraud, which are not the same as TUFTA.[66]  The Court will not

assume that Defendant committed actual fraud under § 523(a)(2)(A) where

no final judgment against her with preclusive effect has been previously

obtained.  Similarly, the Court will not assume Defendant committed actual

fraud under § 523(a)(2)(A) solely because Joshua Ky was deemed liable for

common law and statutory fraud.[67]  Finally, the Court cannot assume

Defendant committed actual fraud under § 523(a)(2)(A) using a theory under

TUFTA based only upon the actions of Joshua Ky.  The Court cannot impute

to Defendant actual fraud under § 523(a)(2)(A) based upon the actions of

Joshua Ky in the absence of sufficient summary judgment evidence.  A

genuine dispute of material fact exists as to the intent of Defendant, and so

the Motion must be denied.

### D.  Constructive Trust

Plaintiffs' complaint asks the Court to impose a constructive trust on

Defendant's current homestead, the Kingsbrook property, because it was

purchased with funds obtained from Plaintiffs by actual fraud such that the

Kingsbrook property should not be exempt.[68]  In their Motion, Plaintiffs

---

[66] Def. Resp., ECF No. 14 at exhibit 25.

[67] *Id.*

[68]  Pl. Compl., ECF No. 1 at 8.

argue that Defendant is liable on a claim for money had and received which justifies imposition of a constructive trust.[69]  A claim for money had and received was not included as a count in the complaint.  The Court cannot grant summary judgment on a claim not included in Plaintiffs' complaint. *Nationwide Judgement Recovery Inc. v. Sorrells (In re Sorrells)*, Nos. 20-20100, 20-2004, 2022 Bankr. LEXIS 2655, at *22 (Bankr. E.D. Tex. 2022).

Setting aside this issue of pleading, imposition of a constructive trust is an extreme remedy because it gives successful claimants priority over all other unsecured creditors.  This means that "bankruptcy courts are generally reluctant to impose constructive trusts without a substantial reason to do so." *Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 436 (5th Cir. 1994); *Dinkel Enters., Inc. v. Colvin (in re Bailey Pontiac, Inc.)*, 139 B.R. 896, 902 (Bankr. N.D. Tex. 1986) ("A constructive trust is an equitable remedy that should not be imposed cavalierly, especially in the context of a bankruptcy proceeding"). Under Texas law, "[a] constructive trust is an equitable remedy created by the courts to prevent unjust enrichment." *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied); *Sherer v. Sherer*, 393 S.W.3d 480, 491 (Tex. App.—Texarkana 2013, pet. denied.)  To obtain a constructive trust, the proponent must prove (1) the breach of a special trust,

---

[69] Brief in Support of Pl. Mot. Summ. J., ECF No. 12 at 16.

fiduciary relationship, or actual fraud, (2) unjust enrichment of the

wrongdoer, and (3) tracing to an identifiable res. *Gray v. Sangrey*, 428

S.W.3d 311, 315 (Tex. App.—Texarkana 2014, pet. denied); *see also Matter of*

*Haber Oil Co.*, 12 F.3d 426, 437 (5th Cir. 1994) (reciting same elements).

Plaintiffs have not established there is no genuine issue of material fact

on the elements necessary to justify imposition of a constructive trust on the

Kingsbrook property.

## V.  Issues Precluded from Re-Litigation

For the previously mentioned reasons, Plaintiffs' requested judgement in

their favor as a matter of law must be denied.  Nevertheless, certain facts have

been established.  The following facts are relevant to the issues before the Court

and have been established in this proceeding under the guidelines of Local

district Court Rule CV-56, as incorporated by Local Rule of Bankruptcy

Procedure 7056(d).[70]  These facts will not be re-litigated at the trial for this

adversary proceeding.

---

[70] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed
Material Facts and to support such a statement with "appropriate citations to proper
summary judgment evidence."  It directs a respondent that any response "should be
supported by appropriate citations to proper summary judgment evidence."  With regard to
the disposition of the motion, the rule states:

> (c) **Ruling**.  In resolving the motion for summary judgment, the court will assume
> that the facts as claimed and supported by admissible evidence by the moving party
> are admitted to exist without controversy, except to the extent that such facts are
> controverted in the response filed in opposition to the motion, as supported by

1. On December 22, 2020, Plaintiffs filed an adversary complaint to determine the dischargeability of debt allegedly owed them by Defendant pursuant to 11 U.S.C. § 523(a)(2)(A).  Plaintiffs also seek imposition of a constructive trust on Debtor's homestead and disallowance of Debtor's claimed homestead exemption.

2. On January 25, 2021, Defendant filed an answer to Plaintiffs' complaint.

3. Dennis Tsai is an individual residing in Allen, Texas.

4. Valuemix Ltd. is a corporation organized under the laws of the British Virgin Islands.

5. Twinkle Leatherware Holding Co., Ltd. is a legal entity organized under the laws of the British Virgin Islands.

6. Dolly Chen Ky is a resident of Plano, Texas.

7. Joshua Ky is the former spouse of Defendant but is not a party to this adversary proceeding.

---

proper summary judgment evidence.  The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy."  E.D. TEX. LOCAL R. CV–56(c).

8. Joshua Ky controlled a limited liability company named Dragon International Escrow, LLC ("Dragon").

9. Joshua Ky is a native and citizen of Vietnam.

10. Plaintiffs each paid money to Dragon, and Joshua Ky interacted with Plaintiffs on Dragon's behalf.

11. Dennis Tsai paid Dragon $765,650.00 in September of 2009.

12. Twinkle paid Dragon a total of $3,123,385.00 to Dragon in three separate transfers made in October 2010, December 2010, and September 2011.

13. ValueMix paid Dragon a total of $1,100,000.00 in two transfers made in January 2012 and March 2012.

14. Plaintiffs cumulatively paid Dragon, with Joshua Ky acting on behalf of Dragon, the total sum of $4,989,035.00 comprised of $765,650.00 from Tsai, $3,123,385.00 from Twinkle, and $1,100,000.00 from ValueMix.

15. Joshua Ky represented to Plaintiffs that he could use his connections in Vietnam to purchase land on their behalf in Vietnam to be later sold for profit.

16. Defendant and Joshua Ky purchased a lot during 2011 and constructed a home on that lot in 2012.  This lot is located at 828

Mulhouse Ct. Plano, Texas 75024, and was purchased for approximately $395,000.00.

17. Defendant and Joshua Ky contracted on May 23, 2012, with Bentley Premier Builders, LLC to construct a new home on the lot for the sum of $818,000.00.

18. Defendant and Joshua Ky finished construction of a home at 828 Mulhouse Ct. Plano, Texas 75024.

19. Neither Joshua Ky nor Dragon purchased any real estate in Vietnam on Plaintiffs' behalf.

20. On August 11, 2015, Plaintiffs sued Joshua Ky and Dragon in Case 401-03197-2015, styled *Dennis Tsai, Valuemix, Ltd., and Leatherware Holding Co., Ltd., vs. Joshua Ky and Dragon International Escrow*, in the 401st District Court of Collin County, Texas (the "Original State Court Case").

21. Defendant was not initially sued in the Original State Court Case but was later added as a defendant by Plaintiffs on October 3, 2017.

22. A final judgement was entered against Joshua Ky and Dragon only in the Original State Court Case on October 24, 2017. This final judgment against Joshua Ky and Dragon was for

$6,598,048.50. This final judgement against Joshua Ky and Dragon has not been paid.

23. Defendant and Joshua Ky were divorced on April 4, 2017.

24. On January 8, 2018, Defendant was severed from the Original State Court Case into new Case No. 401-00376-2018 styled *Dennis Tsai, Twinkle Leatherware Holding Co., Ltd. and ValueMix, Ltd. v. Dolly Chen-Ky*, pending in the 401st District Court, Collin County, Texas (the "Severed State Court Case").

25. The jury in the Severed State Court Case returned a verdict for Plaintiffs and a judgment was entered March 23, 2020 against Defendant.

26. Due to contradictory jury findings regarding Defendant's conduct, on June 10, 2020, the presiding judge in the Severed State Court Case ordered a new trial *sua sponte*.

27. Before a new trial was held in the Severed State Court Case, Defendant filed her bankruptcy petition on September 23, 2020.

## VI.  Conclusion

Based upon the Court's consideration of the pleadings, the summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the "Motion for

Summary Judgement" filed by Plaintiffs is hereby DENIED.  Plaintiffs failed to demonstrate that they were entitled to a judgement as a matter of law regarding the nondischargeability issues raised under 11 U.S.C. § 523(a)(2)(A), or that they were entitled to the imposition of a constructive trust.  Therefore, these claims must be determined through a trial on the merits.

However, numerous facts have been established through the summary judgment evidence tendered to the Court.  Because the Court has not granted the relief sought by the Plaintiffs' "Motion for Summary Judgment," it is appropriate to state the material facts that are not genuinely in dispute pursuant to FED. R. CIV. P. 56(g).  These established facts as set forth in this memorandum shall not be re-litigated at the trial for this adversary proceeding. An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 10/14/2022

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE